# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. CR05-0030 |
| vs. | **ORDER** |
| MICHAEL KERR, | |
| Defendant. | |

This matter comes before the court pursuant to Defendant Michael T. Kerr's November 22, 2005 sealed motion for presentence study and psychiatric or psychological examination and report. The defendant's motion is granted.

The defendant pleaded guilty to transportation and attempted transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(4)(B). The defendant now awaits sentencing, which has not yet been scheduled. A first draft of the presentence investigation report was disclosed to counsel for the defendant on November 7, 2005.

The defendant moves, pursuant to 18 U.S.C. § 3552(b), for a "study" of the defendant. Specifically, the defendant argues that "[i]t is important for the [c]ourt first to understand that [the defendant] has never had a psychiatric or psychological evaluation as an adult. It would be inappropriate for the [c]ourt to conclude [that the defendant] suffers from any particular disorder, including pedophilia, without the benefit of a proper professional evaluation of his mental health as well as a sex offender risk assessment." The defendant argues that this assessment is "absolutely essential to the determination of an appropriate sentence."

Counsel for the defendant has contacted Hollida Wakefield, of the Institute for Psychological Therapies in Northfield, Minnesota, to arrange for a psychological

evaluation, testing, and sexual predator risk assessment for the defendant. The defendant proposes that Ms. Wakefield meet with the defendant to perform the assessment either at the Linn County Jail, where the defendant is currently housed, or the Federal Bureau of Prisons facility at Waseca, Minnesota. The defendant expects that following the examination of the defendant, Ms. Wakefield would prepare a report for the benefit of the court in the sentencing process. The defendant requests that the cost of this evaluation be paid for pursuant to the Criminal Justice Act appropriations, 18 U.S.C. § 3006A(e)(1).

18 U.S.C. § 3552(b) provides, in relevant part, as follows:

> If the court, before or after its receipt of a [pre-sentence report] desires more information than is otherwise available to it as a basis for determining the sentence to be imposed on a defendant found guilty of a . . . felony, it may order a study of the defendant. The study shall be conducted in the local community by qualified consultants . . . [t]he period of the study shall be no more than sixty days. The order shall specify the additional information that the court needs before determining the sentence to be imposed. Such an order shall be treated for administrative purposes as a provisional sentence of imprisonment for the maximum term authorized by section 3581(b) for the offense committed. The study shall inquire into such matters as are specified by the court and any other matters that the . . . professional consultants believe are pertinent to the factors set forth in section 3553(a) [sentencing factors]. . . . By the expiration of the period of the study . . . the United States Marshal shall, if the defendant is in custody, return the defendant to the court for final sentencing. . . . [T]he professional consultant shall provide the court with a written report of the pertinent results of the study and make to the court whatever recommendations . . . the consultant believe[s] will be helpful to a proper resolution of the case. The report shall include recommendations of the . . . consultant concerning the guidelines and policy statements, promulgated by the Sentencing Commission pursuant to 28 U.S.C. § 994(a), that [the consultant believes] are applicable to the defendant's case.

The defendant's motion is granted. Based on the defendant's representation that the probation office has "heavily allude[d]" to a diagnosis of pedophilia based on the defendant's past as set forth in the pre-sentence report, together with the fact that there has been no psychological evaluation of the defendant, such an examination by a qualified professional would be helpful to the court in determining the appropriate sentence for the defendant in this matter. The court finds that based on Dr. Wakefield's curriculum vitae, she is a qualified consultant who may provide the additional information concerning the defendant's mental health condition and diagnoses, if any.

Upon the foregoing,

IT IS ORDERED that the defendant's motion for presentence study and psychiatric or psychological examination and report (docket number 33) is granted. The costs of the evaluation, including travel and lodging for Dr. Wakefield, shall be paid pursuant to the Criminal Justice Act, 18 U.S.C.A. § 3006A(e)(1), not to exceed $1600.00. The evaluation shall take place at the Linn County Correctional Facility in Cedar Rapids, Iowa, at a date and time to be determined by counsel for the defendant and Dr. Wakefield. Following the examination of the defendant, Dr. Wakefield shall timely provide a report detailing her evaluation and findings to the sentencing court.[1] Dr. Wakefield's report should provide additional information to the sentencing court pertaining to the defendant's mental health as well as a sex offender risk assessment.

November 29, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[1] Hon. Linda R. Reade, District Court Judge for the United States District Court for the Northern District of Iowa.